MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
JOHN CARLOS CASTILLO ROSARIO,
*individually and on behalf of others similarly
situated,*

*Plaintiff*,

-against-

LOVELY TWINS WINES & LIQUORS INC.
(D/B/A LOVELY TWINS), WACAL SOTO,
DANILO CABRERA, and WASCAR SOTO,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff John Carlos Castillo Rosario ("Plaintiff Castillo" or "Mr. Castillo"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Lovely Twins Wines & Liquors Inc. (d/b/a Lovely Twins), ("Defendant Corporation"), Wacal Soto, Danilo Cabrera, and Wascar Soto, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Castillo is a former employee of Defendants Lovely Twins Wines & Liquors Inc. (d/b/a Lovely Twins), Wacal Soto, Danilo Cabrera, and Wascar Soto.

2.       Defendants own, operate, or control a liquor store, located at 3826 Third Ave., Bronx, New York 10457 under the name "Lovely Twins".

3.      Upon information and belief, individual Defendants Wacal Soto, Danilo Cabrera, and Wascar Soto, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the liquor store as a joint or unified enterprise.

4.      Plaintiff Castillo was employed as a counter attendant at the liquor store located at 3826 Third Ave., The Bronx, New York 10457.

5.      At all times relevant to this Complaint, Plaintiff Castillo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Castillo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Castillo to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Castillo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Castillo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Castillo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Castillo's state law claims under 28 U.S.C. § 1367(a).

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a liquor store located in this district. Further, Plaintiff Castillo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff John Carlos Castillo Rosario ("Plaintiff Castillo" or "Mr. Castillo") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Castillo was employed by Defendants at Lovely Twins Wines & Liquors from approximately October 2017 until on or about July 19, 2020.

15.     Plaintiff Castillo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a liquor store, located at 3826 Third Ave., The Bronx, New York 10457 under the name "Lovely Twins".

17.     Upon information and belief, Lovely Twins Wines & Liquors Inc. (d/b/a Lovely Twins) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3826 Third Ave., The Bronx, New York 10457.

18.     Defendant Wacal Soto is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Wacal Soto is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Wacal Soto possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Castillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Danilo Cabrera is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Danilo Cabrera is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Danilo Cabrera possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Castillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Wascar Soto is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Wascar Soto is sued individually in his capacity as a manager of Defendant Corporation. Defendant Wascar Soto possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Castillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a liquor store located in the East Tremont neighborhood in The Bronx.

22.     Individual Defendants, Wacal Soto, Danilo Cabrera, and Wascar Soto, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Castillo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Castillo, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Castillo (and all similarly situated employees) and are Plaintiff Castillo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Castillo and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Wacal Soto and Danilo Cabrera operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

  a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

  b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c) transferring assets and debts freely as between all Defendants,

  d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

  e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

  f) intermingling assets and debts of their own with Defendant Corporation,

  g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

  h) Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Castillo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Castillo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Castillo's services.

29.     In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the liquor store on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Castillo is a former employee of Defendants who was employed as a counter attendant.

32.     Plaintiff Castillo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff John Carlos Castillo Rosario*

33.     Plaintiff Castillo was employed by Defendants from approximately October 2017 until on or about July 19, 2020.

34.     Defendants employed Plaintiff Castillo as a counter attendant.

35.     Plaintiff Castillo regularly handled goods in interstate commerce, such as whisky, vodka, rum  and other supplies produced outside the State of New York.

36.     Plaintiff Castillo's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Castillo regularly worked in excess of 40 hours per week.

38.     From approximately October 2017 until on or about December 2017, Plaintiff Castillo worked from approximately 9:00 a.m. until on or about 5:00 p.m., Mondays through Saturdays (typically 48 hours per week).

39.     From approximately January 2018 until on or about November 2019, Plaintiff Castillo worked from approximately 9:00 a.m. until on or about 5:00 p.m., 4 days a week, from approximately 9:00 a.m. until on or about 12:00 a.m., 2 days a week, and from approximately 9:00 a.m. until on or about 12:00 a.m., two Sundays per month (typically 62 to 77 hours per week).

40.     From approximately November 2019 until on or about July 2020, Plaintiff Castillo worked from approximately 9:00 a.m. until on or about 5:00 p.m., Mondays, Thursdays, and Saturdays; from approximately 9:00 a.m. until on or about 12:00 a.m., Wednesdays and Fridays; from approximately 12:00 p.m. until on or about 9:00 p.m., Sundays; and from approximately 9:00 a.m. until on or about 12:00 a.m. or from 3:00 p.m. to 12:00 a.m., one Tuesday per month (typically 63 to 72 hours per week).

41.     Throughout his employment, Defendants paid Plaintiff Castillo his wages in cash.

42.     From approximately October 2017 until on or about February 2018, Defendants paid Plaintiff Castillo a fixed salary of $500 per week.

43.     From approximately March 2018 until on or about July 2020, Defendants paid Plaintiff Castillo a fixed salary of $650 per week whenever he worked 6 days and $745 per week whenever he worked 7 days.

44.     Defendants never granted Plaintiff Castillo any breaks or meal periods of any kind.

45.     Plaintiff Castillo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.     On a number of occasions, Defendants required Plaintiff Castillo to sign a document, the contents of which he was not allowed to review in detail.

47.     Defendants took improper and illegal deductions from plaintiff Castillo's wages; specifically, Defendants deducted $2,000 from Plaintiff Castillo's wages when a client paid for liquor with a stolen credit card. In addition, Defendants deducted money from Plaintiff Castillo's salary every time he broke a bottle by mistake, around 2 times per month.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Castillo regarding overtime and wages under the FLSA and NYLL.

49.     Defendants did not provide Plaintiff Castillo an accurate statement of wages, as required by NYLL 195(3).

50.     Defendants did not give any notice to Plaintiff Castillo, in English and in Spanish (Plaintiff Castillo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

51.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Castillo (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

52.     Plaintiff Castillo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

53.     Defendants' pay practices resulted in Plaintiff Castillo not receiving payment for all his hours worked, and resulted in Plaintiff Castillo's effective rate of pay falling below the required minimum wage rate.

54.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55.     On a number of occasions, Defendants required Plaintiff Castillo to sign a document the contents of which he was not allowed to review in detail.

56.     Defendants paid Plaintiff Castillo his wages in cash.

57.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Castillo (and similarly situated individuals) worked, and to avoid paying Plaintiff Castillo properly for his full hours worked.

59.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Castillo and other similarly situated former workers.

61.     Defendants failed to provide Plaintiff Castillo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62.     Defendants failed to provide Plaintiff Castillo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63.      Plaintiff Castillo brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64.     At all relevant times, Plaintiff Castillo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

65.     The claims of Plaintiff Castillo stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

66.     Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

67.     At all times relevant to this action, Defendants were Plaintiff Castillo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Castillo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

68.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70.     Defendants failed to pay Plaintiff Castillo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71.     Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

72.     Plaintiff Castillo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

73.     Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

74.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Castillo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.     Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Castillo (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77.     Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Castillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Castillo, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Castillo less than the minimum wage.

80.     Defendants' failure to pay Plaintiff Castillo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81.     Plaintiff Castillo was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

82.     Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Castillo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.     Defendants' failure to pay Plaintiff Castillo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Castillo was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

86.     Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants failed to provide Plaintiff Castillo with a written notice, in English and in Spanish (Plaintiff Castillo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88.     Defendants are liable to Plaintiff Castillo in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

89.     Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

90.     With each payment of wages, Defendants failed to provide Plaintiff Castillo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91.     Defendants are liable to Plaintiff Castillo in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

92.     Plaintiff Castillo repeats and realleges all paragraphs above as though set forth fully herein.

93.     At all relevant times, Defendants were Plaintiff Castillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

94.     Defendants made unlawful deductions from Plaintiff Castillo's wages; specifically, Defendants deducted $2,000 dollars from Plaintiff Castillo's wages when a client paid for liquor with a stolen credit card. In addition, Defendants deducted money from Plaintiff Castillo's salary every time he broke a bottle by mistake, around 2 times per month.

95.     The deductions made from Plaintiff Castillo's wages were not authorized or required by law.

96.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Castillo's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

97.     Plaintiff Castillo was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Castillo respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castillo and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castillo and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Castillo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Castillo and the FLSA Class members;

(f)     Awarding Plaintiff Castillo and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Castillo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castillo;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castillo;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Castillo's compensation, hours, wages and any deductions or

credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Castillo;

(l)     Awarding Plaintiff Castillo damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Castillo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Castillo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Castillo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Castillo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Castillo demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

September 14, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 3, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    John Carlos Castillo Rosario

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _Jhon cas Trillo_

Date / Fecha:                     3 de septiembre de 2020

*Certified as a minority-owned business in the State of New York*