```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
------------------------------------------------------------X DATE FILED: 08/24/2022
JOHN CARLOS CASTILLO ROSARIO,                  :
                                               :
                              Plaintiff,       :
                                               :
              -against-                        :             20-CV-7941 (VEC)
                                               :
LOVELY TWINS WINES & LIQUORS, INC.,            :             ORDER ADOPTING
WACAL SOTO, DANILO CABRERA, and                :             REPORT &
WASCAR SOTO                                    :             RECOMMENDATION
                                               :
                              Defendants.      :
------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 25, 2020, Plaintiff John Carlos Castillo Rosario filed a complaint against Defendants Lovely Twins Wines & Liquors, Inc., Wacal Soto, Danilo Cabrera, and Wascar Soto, Dkt. 1;

WHEREAS Plaintiff asserted causes of action against under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and various provisions of the New York Labor Law for allegedly violating regulations regarding minimum wage rates, overtime compensation, making improper deductions from Plaintiff's salary, and failing to provide Plaintiff legally-required employment notices, Dkt. 1;

WHEREAS on April 1, 2022, Defendants informed the Court that "Plaintiff apparently dropped off a letter to Defendants indicating that he does not want to pursue this case," Dkt. 53;

WHEREAS on April 4, 2022, Plaintiff's counsel informed the Court that they were unable to contact Plaintiff to ascertain whether he authored the letter in question, Dkt. 54;

WHEREAS on April 5, 2022, the Court referred this case to Magistrate Judge Cott for general pretrial management and for the preparation of reports and recommendations ("R&Rs")

1

on any dispositive motions, and to hold a conference with both counsel and the parties to ascertain whether Plaintiff knowingly and voluntarily wished to withdraw the Complaint, Dkt. 55;

WHEREAS on May 5, 2022, Plaintiff's counsel requested to withdraw their representation of Plaintiff because they were unable to contact Plaintiff despite multiple attempts, Dkt. 61;

WHEREAS on May 26, 2022, Judge Cott held a telephone status conference with the parties at which time he granted Plaintiff's counsel's request to withdraw their representation, and Plaintiff did not attend the conference, Dkt. 65; R&R, Dkt. 67 at 2;

WHEREAS following the May 26, 2022, conference, Judge Cott entered an order, which Plaintiff's former counsel served on Plaintiff by mail at his work and home addresses, Dkt. 66, requiring Plaintiff, not later than June 27, 2022, either to submit a letter informing the Court whether Plaintiff wished to continue the case or to have new counsel appear on his behalf, Dkt. 65;

WHEREAS Plaintiff failed to submit a letter to the Court or to hire new counsel;

WHEREAS on June 28, 2022, Judge Cott entered an R&R recommending that the Court dismiss this case without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), R&R at 2–3;

WHEREAS in the R&R, Judge Cott notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 3;

WHEREAS Judge Cott further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* at 3–4;

WHEREAS on June 29, 2022, the R&R was mailed to the Plaintiff at his home and work addresses;

WHEREAS no party objected to the R&R;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

IT IS HEREBY ORDERED that the R&R is adopted in full, and the case is DISMISSED without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Because the R&R gave the parties adequate warning, *see* R&R at 3–4, the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

**Date: August 24, 2022**
   **New York, New York**

                                                                      _____
                                                                      **VALERIE CAPRONI**
                                                                      **United States District Judge**